**HARDING WILLIAMS v. ELI MENDENHALL, Administrator of Jessie Pritchett, Surviving Partner of Isaac Stern, defendant below, defendant in error.**

High Court of Errors and Appeals. June 13, 1817.

*Ridgely's Notebook I, 37.*

*Rogers* for plaintiff in error. Act of Assembly, 2 Del.Laws 1133, excepts from the Act of Limitation, 2 Del.Laws 1031 passed February 4, 1792, demands founded on mortgages, bonds, bills, promissory notes, or settlements under the hands of the parties concerned. By the declaration it appears that the note was made March 8, 1798. The suit was brought April 1, 1811. Defendant pleaded Act of Limitation. Plaintiff demurred November 2, 1813; after argument, judgment by the court below for the defendant in demurrer. The court below proceeded on the supposition that the Act of 1793 repealed the Act of February, 1792, and conse-

quently that the old Act of Limitation was revived. There is nothing on promissory notes in previous laws. These the courts have said were barred, though not expressly embraced in the laws, because all actions on case were barred.

PER CURIAM. RIDGELY, BOOTH, COOPER, WARNER, and DAVIS unanimously. Judgment reversed. We are of opinion that a promissory note is, by the Act of 1793, 2 Del.Laws 1133, excepted and taken out of the Act of 1792, c. 248, 2 Del.Laws 1031, and that the Act of 1773, c. 216a, 1 Del.Laws 524, is not revived as to promissory notes. There is no clause respecting the Act of 1792, and it appears to have been the intention of the legislature to place mortgage bonds, bills, promissory notes and settlements under the hands of the parties concerned all on the same footing. If this was not the intention, it is not conceivable why mortgages, bonds and bills were introduced into this Act. They were not included in the former Acts; and here they are all excepted from the Act of 1792 and pleaded without limitation, though mortgages, etc.